Case 2:23-cv-00001-MPB-MJD    Document 1    Filed 01/03/23    Page 1 of 9 PageID #: 1

FILED
01/03/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana
Terre Haute Division

Tracy Johnson
*Petitioner*

v.

Case No. 2:23-cv-00001-JRS-MJD
*(Supplied by Clerk of Court)*

Steve Kallis, Warden
*Respondent*
(name of warden or authorized person having custody of petitioner)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Tracy Johnson
   (b) Other names you have used:
2. Place of confinement:
   (a) Name of institution: USP Terre Haute
   (b) Address: P.O. BOX 33
       Terre Haute, Indiana 47808-0033
   (c) Your identification number: 21896-076
3. Are you currently being held on orders by:
   ☒ Federal authorities   ☐ State authorities   ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
       If you are currently serving a sentence, provide:
       (a) Name and location of court that sentenced you: Western Dist. of Tenn. Western Division (Memphis)
       (b) Docket number of criminal case: 2:07-cr-20041-SHM
       (c) Date of sentencing: Jan. 13, 2011
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

   ☐ Pretrial detention

   ☐ Immigration detention

   ☐ Detainer

   ☒ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

   ☐ Disciplinary proceedings

   ☐ Other *(explain)*: _____

6. Provide more information about the decision or action you are challenging:

   (a) Name and location of the agency or court:  Western Dist. of Tenn. Western Division (Memphis)

   (b) Docket number, case number, or opinion number:  2:07-cr-20041-SHM

   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
   572 Month Sentence for Hobbs Act Robbery and 924(c) as case law has invalidated the residual clause of 924(c)'s crime of violence definition due to Hobbs Act Robbery no longer qualifies.

   (d) Date of the decision or action:  Jan. 13, 2011

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

   Did you appeal the decision, file a grievance, or seek an administrative remedy?

   ☐ Yes    ☒ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court: _____

   (2) Date of filing: _____

   (3) Docket number, case number, or opinion number: _____

   (4) Result: _____

   (5) Date of result: _____

   (6) Issues raised: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal: Counsel took on an Anders Brief and chose not to file an appeal and this Petitioner's lack of knowledge of the law being pro se currently.

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☒ Yes            ☐ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: Western Dist. of Tenn. (Memphis)

    (2) Date of filing: July 2019.
    (3) Docket number, case number, or opinion number: 2:19-cv-02484-SHM
    (4) Result: Denied
    (5) Date of result: April 26, 2022
    (6) Issues raised: Hobbs Act Robbery not a crime of violence due to recent case law, 924(c) no longer can stand in light of Davis, no longer fall under the career-offender guideline in light of Camp

(b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☒ Yes            ☐ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: Court of Appeals 6th Circuit.

    (2) Date of filing: July/August 2022
    (3) Docket number, case number, or opinion number: 22-5577
    (4) Result: C.O.A. Denied
    (5) Date of result: December 16, 2022
    (6) Issues raised: Seeking C.O.A. to raise Taylor and Borden Cases.

_____
_____
_____
_____

(b) If you answered "No," explain why you did not file a third appeal: _____
_____

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes        ☐ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes        ☐ No

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____
_____
_____
_____
_____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes        ☐ No

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____
_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: In light of Camp, 903 F.3d at 604 although the same applies to this Petitioner, it is not cognizable under §2255 See: Bullard v. United States, 937 F.3d 654 659-61 (6th Cir. 2019; Snider, 908 F.3d at 189. 2255 relief is available only when a sentence was imposed in violation of the constitution or laws of the United States. Davis is an interpretation of law, Taylor is an interpretation of law, Camp is an interpretation of Law and Borden is the same. (2255(e))

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes      ☒ No

If "Yes," provide:

(a) Date you were taken into immigration custody: _____

(b) Date of the removal or reinstatement order: _____

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes      ☐ No

If "Yes," provide:

(1) Date of filing: _____
(2) Case number: _____
(3) Result: _____
(4) Date of result: _____
(5) Issues raised: _____

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes      ☐ No

If "Yes," provide:

(1) Name of court: _____
(2) Date of filing: _____
(3) Case number: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (4) Result: _____
    (5) Date of result: _____
    (6) Issues raised: _____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes      ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____
(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____
(d) Docket number, case number, or opinion number: _____
(e) Result: _____
(f) Date of result: _____
(g) Issues raised: _____

### Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Starting with the obvious, United States v. Davis, 139 S.Ct. 2319, 2336 (2019) which invalidates the residual clause of 924(c)'s crime of violence definition. Although it may be argued as time barred, this Petitioner has been arguing it within the time frame but not through the right avenue §2241.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

As is the obvious, the invalidation of the residual clause of the definition of a crime of violence which the current is no longer such and has been further adhanced in other filings. (See further grounds). As no longer a crime of violence then it goes to further state that it's penalty should not be withstanding and binding or for better terms used against this Petitioner.

(b) Did you present Ground One in all appeals that were available to you?

☒ Yes  ☒ No  Not as currently stated so a little.

**GROUND TWO:** United States v. Camp, 903 F.3d 594, 604 (6th Cir. 2018) Although not brought before this Honorable Circuit, (6th & 11th only) Hobbs Act Robbery is not a crime of violence under the career-offender guideline as well.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The 6th circuit sentenced this Petitioner under the career offender guideline and as an interputation of law, and not actual this Petitioner there brings this information in the form of §2241 as the interpretation should prove itself as binding.

(b) Did you present Ground Two in all appeals that were available to you?

☒ Yes  ☒ No  Petitioner was limited as to what applied to a § 2255 Motion as compared to the savings clause.

**GROUND THREE:** United States v. Taylor, 142 S.Ct. 2015; 213 L.Ed. 349; Johnson v. United States, 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed. 2d 569 (2015); Welch v. United States, 578 U.S. 120, 136 S.Ct. 1257 194 L.Ed. 2d 387 (2016).

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

As with ACCA the similarily worded residual clause was struck down as unconstitutionally vague, and a year later was held to be retroactive. 924(c)'s residual clause paralleled the ACCA's and therefore was also unconstitutionally vague, and with the Hobbs Act Robbery not being a crime of violence under 924(c)'s elements clause was then lacking as an element use, attempted use, or threatened use of physical force 924(c)(3)(A) which would enhance Ground 1 here.

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes  ☒ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** <u>Borden v. United States, 141 S.Ct. 1817 (2021)</u>

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
<u>This Petitioner's priors were not all qualifiers for ACCA when applied with an offense with a mens rea of recklessness that in turn would not qualify as violent crimes.</u>
<u>Showing then that 924(c) does not apply to this Petitioner, nor does the career-offender status or the Hobbs Act Robbery.</u>

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes   ☒ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

**Request for Relief**

15. State exactly what you want the court to do: <u>Vacate this Petitioner's Sentence, modify said sentence to reflect time served and release this Petitioner upon such granting promptly.</u>

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**Declaration Under Penalty Of Perjury**

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _12-28-22_   _____/s/ Tracy Johnson_____
                        Signature of Petitioner

                   _____
                   Signature of Attorney or other authorized person, if any